# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RONALD EFAW,**
**Grievant Below, Petitioner**

**v.) No. 23-ICA-400**        (Grievance Bd. Case No. 2022-0623-DOT)

**WEST VIRGINIA DIVISION**
**OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald Efaw appeals the August 9, 2023, decision of the West Virginia Public Employees Grievance Board ("Board"), which denied his grievance against Respondent West Virginia Division of Highways ("DOH"). The decision held that Mr. Efaw's hearing loss, coupled with his inability to stand for long periods of time, made it impossible for him to perform the essential functions of his job safely and productively, and, therefore, there was no reasonable accommodation available to him. DOH filed a response.[1] Mr. Efaw did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 7, 2018, Mr. Efaw began his employment with DOH as a Transportation Worker 2 Equipment Operator (also referred to as "TW2EQOP" in the record) assigned to Marion County. Mr. Efaw mainly served as a "flagger" but would sometimes operate equipment and perform other duties, such as shoveling gravel and cleaning. In 2020, Mr. Efaw reported that he could not hear radio calls necessary for flagging. On November 24, 2020, audiologist Daniel Mason, M.S. CCC-A, prepared a note for Mr. Efaw explaining his medical condition. The note stated that, "[d]ue to Mr. Efaw's hearing loss and even while wearing his hearing aids, Mr. Efaw will have difficulty hearing in noisy places. This would include flagging in traffic and use of power tools, weed eaters, chainsaws, etc. His safety and that of others may be at risk."

---

[1] Mr. Efaw is represented by Ambria M. Britton, Esq., and DOH is represented by Jack E. Clark, II, Esq.

On December 8, 2020, Mr. Efaw was temporarily transferred to garage duty. This temporary transfer was for one month until January 8, 2021. The assignment required Mr. Efaw to stand on concrete floors all day. However, on December 11, 2020, Mr. Efaw requested personal leave through January 8, 2021, which was granted.

On December 17, 2020, audiologist Melissa Rose, AuD, completed a Physician's/Practioner's Statement stating that Mr. Efaw has severe high frequency hearing loss and that it is not possible to program out road noise with hearing aids.

Next, on or about February 1, 2021, Aaron Hoekje, PA-C, completed Family Medical Leave Act paperwork stating that Mr. Efaw would need to be on leave from January 13, 2021, until February 8, 2021, after which he could return to less than full duty and perform seated duties such as driving equipment instead of standing on concrete.

On February 12, 2021, the DOH's Civil Rights Compliance Division sent Mr. Efaw a letter stating that he may require modification of his work assignment for medical reasons. The letter informed Mr. Efaw of his right to be considered for reasonable accommodations under the Americans with Disabilities Act ("ADA"), the tasks to be completed before receiving any accommodation, options for use of paid leave or an unpaid medical leave of absence, and that unpaid leave required the submission of certain forms. On February 22, 2021, Mr. Efaw completed a Medical Authorization form, a Medical Provider List, and a Request for Reasonable Accommodation for the DOH's ADA review team.

On June 17, 2021, a Medical Information Request Form was completed by Mr. Hoekje. Regarding Mr. Efaw's impairment, it states, "[h]as pain in hip limiting ability to do manual labor/standing for long periods." Regarding job limitations, it states, "[d]ifficulty with manual labor + standing for extended periods." As for job accommodations, it states, "[d]rive truck, operate equipment." Mr. Hoekje later completed a form stating that Mr. Efaw could only do seated work. On June 29, 2021, a Medical Information Request Form was completed by Mr. Efaw's audiologist regarding his difficulty hearing even with hearing aids and requesting an accommodation "to work in quiet environments."

On January 24, 2022, the DOH sent Mr. Efaw a letter titled "Notice of Closure" which states:

> You submitted a letter from your physician indicating a possible Request for Reasonable Accommodation, dated June 29, 2021. The letter obtained information that you suffer from a permanent medical condition and that you may need to be considered for a reasonable accommodation to enable you to perform the essential functions of your job.

2

A reasonable accommodation is not available as a TW2EQOP based on the absence of the ability to perform the essential functions in a safe and productive manner. You indicated refusal on 12/14/2020 of a temporary return to work agreement with duties that met your restrictions such as cleaning and washing vehicles and shop cleanup. You indicated you had no other qualifications for other vacant positions indicated on the Information Request received December 1, 2021. Under these circumstances, your current request will no longer be considered for review by the Reasonable Accommodation Committee.

On February 2, 2022, the DOH sent Mr. Efaw a letter reiterating the contents of the Notice of Closure letter, as well as indicating that Mr. Efaw's request for reasonable accommodation would not be considered further because he had not provided required forms since August 27, 2021. The letter also included a resignation form to be completed by Mr. Efaw and informed him if the form was not completed by February 17, 2022, the DOH would begin the process for dismissal.

On February 18, 2022, Mr. Efaw filed his grievance. On May 3, 2023, the Board held a Level 3 Hearing. At the hearing Mr. Efaw testified that he thought he was being discriminated against because of his disabilities, including his hearing loss and a hip injury that he suffered during his first week on the job (but missed no work as a result of). He specifically testified that his hip injury hurt him "when I sit down, you know, for any degree of time, you know. It would be painful." He went on to testify that he thought he could operate different pieces of machinery with his disabilities and complained that other DOH employees were picked ahead of him to operate equipment due to the "buddy system." Mr. Efaw mentioned in his testimony that he thought there were two DOH employees who only drove equipment due to their disabilities, but he could not state whether either had been granted an accommodation.

The DOH then called Ray Patrick, the ADA Coordinator for the DOH, who testified that Mr. Efaw's manager had indicated that Mr. Efaw could not perform the duties of his job under his stated disabilities. He went on to testify that the DOH determined that because of Mr. Efaw's hearing limitation and limitation on standing, he could not perform the essential functions of a Transportation Worker 2 and there was no reasonable accommodation available to him. He further testified that no transportation worker had a job description of only driving.

On August 9, 2023, the Board entered the decision now on appeal. In that decision, the Administrative Law Judge ("ALJ") first reviewed the job duties of a Transportation Worker 2 Equipment Operator as well as Mr. Efaw's medical conditions before concluding that Mr. Efaw failed to prove his grievance by a preponderance of the evidence. Specifically, the ALJ concluded that Mr. Efaw's hearing loss, coupled with his inability to stand for long periods of time, made it impossible for him to perform the essential functions

3

of his position safely and productively. Further, the ALJ concluded that Mr. Efaw failed to prove discrimination as he did not compare himself to any similarly situated employee.

In this appeal, our governing standard of review for a contested case from the West Virginia Public Employees Grievance Board is as follows:

> A party may appeal the decision of the administrative law judge on the grounds that the decision:
>
> > (1) Is contrary to law or a lawfully adopted rule or written policy of the employer;
> > (2) Exceeds the administrative law judge's authority;
> > (3) Is the result of fraud or deceit;
> > (4) Is clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> > (5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5(b) (2007);[2] *accord* W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of administrative appeal); *see also*, Syl. Pt. 1, in part, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996) (on appeal, a court may not overturn a finding simply because it would have decided case differently); Syl. Pt. 1, *Francis O. Day Co., Inc. v. Dir., Div. of Env't Prot.*, 191 W. Va. 134, 443 S.E.2d 602 (1994) (evidentiary findings should not be reversed unless clearly wrong).

On appeal, Mr. Efaw asserts that the Board erred by denying his grievance in violation of the preponderance of the evidence standard.[3] In particular, Mr. Efaw asserts that he properly established that he was treated differently than other employees because of his disability. As an initial matter, the Court notes that since this grievance did not involve a disciplinary matter, Mr. Efaw has the burden of proving his grievance by a preponderance of the evidence. W. Va. Code R. § 156-1-3 (2019). A preponderance of the evidence means "'that the party who has the burden of proof must produce evidence tending to show the truth of such facts that is more convincing . . . as worthy of belief, than that which is offered in opposition.'" *Frazier v. Gaither*, 248 W. Va. 420, 425, 888 S.E.2d

---

[2] We acknowledge that West Virginia Code § 6C-2-5 was recently amended, effective March 1, 2024. However, the former version of the statute was in effect at the time the Board's decision was entered and applies to this case.

[3] The Court notes that Mr. Efaw's arguments in his brief do not follow his asserted assignments of error. Pursuant to Rule 10(c)(7) of the Rules of Appellate Procedure, Mr. Efaw's "brief must contain an argument . . . under headings that correspond with the assignments of error."

920, 925 (2023) (quoting 2 Louis J. Palmer, Jr., *Handbook on Evidence for West Virginia Lawyers* § 1301.03, at 640 (7th ed. 2021)).

West Virginia Code § 6C-2-2(d) (2023) defines discrimination in the context of a grievance as "any differences in the treatment of similarly situated employees unless the differences are related to the actual job responsibilities of the employees or are agreed to in writing by the employees." Therefore, a critical component of Mr. Efaw's discrimination claim is the determination that he is "similarly situated to those allegedly receiving preferential treatment." *Pritt v. W. Va. Div. of Corr.*, 218 W. Va. 739, 744, 630 S.E.2d 49, 54 (2006) (per curiam). "A similarly situated determination is necessarily factual in nature." *Id.* In the instant matter, the Board found that Mr. Efaw failed to compare himself to any similarly situated employee. In order to reverse the Board's decision in this regard, this Court must find the Board's finding to be clearly wrong. We decline to do so. Mr. Efaw did not produce sufficient evidence to show, by a preponderance of the evidence, that he was treated differently than any similarly situated employees. Though he testified that he thought there were two DOH employees who only drove equipment due to their disabilities, he could not state whether or not either had been granted an accommodation. Further, there was testimony before the Board that there were no other similarly situated employees who only drove equipment. Accordingly, the Board was not clearly wrong to find that Mr. Efaw failed to compare himself to any similarly situated employees, and, therefore, failed to establish a claim of discrimination.

Mr. Efaw next asserts that the Board's decision was contrary to the DOH's lawfully created rule. In particular, Mr. Efaw argues that the DOH witness admitted that DOH had a policy to "allow" independent medical examinations but failed to initiate this process in the present case. However, Mr. Efaw's brief does not provide any citation to the alleged "lawfully created rule." Nevertheless, the DOH responds that the West Virginia Department of Transportation Policy 3.2 provides that the DOH, in its discretion, may require an independent medical examination. The DOH argues that in the present matter, since the DOH relied on documentation from Mr. Efaw's own medical providers, there was no need for an independent medical examination to determine if Mr. Efaw was able to perform his duties. As Petitioner, Mr. Efaw bears the burden of demonstrating error in the Board's decision. *See* Syl. Pt. 2, *W. Va. Dep't Health & Hum. Res. Emps. Fed. Credit Union v. Tennant*, 215 W. Va. 387, 599 S.E.2d 810 (2004). However, Mr. Efaw offers no authority to support an alternative interpretation of the Transportation Policy. Upon review of the record, we find the DOH's interpretation and application of the Transportation Policy to be reasonable and supported by the facts of the case. As such, the Board's decision was not contrary to a lawfully created rule of the employer.

Finally, Mr. Efaw asserts that the Board's decision was clearly wrong because the Board ignored important facts evidencing the DOH's lack of efforts to accommodate Mr. Efaw and was also an abuse of discretion because it gives the DOH the discretion to make decisions that are unlawful. Particularly, Mr. Efaw asserts that the Board did not consider

that the DOH failed to provide Mr. Efaw with a form that the DOH requested he complete, and the Board otherwise overlooked the DOH's unlawful behavior. The Court notes that on appeal, Mr. Efaw has the duty to support his arguments with citation to authority as well as "appropriate and specific citations to the record . . . including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." W. Va. R. App. P. 10(c)(7). Otherwise, "[t]he Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Here, Mr. Efaw provides no citation to the record that demonstrates when and how these issues were presented to the Board and fails to cite any authority that supports his positions. Accordingly, the Court disregards these assignments of error.

Accordingly, we find no error and affirm the Board's decision.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear